**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA (SCRANTON)**
**CASE NO.: 3:19-cv-01091-ARC**
**(Judge A. Richard Caputo)**

JOSEPH FORD, JR., AND EDWARD PERHWITZ, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

USHEALTH GROUP, INC., AND USHEALTH ADVISORS, LLC,

Defendants.
_______________________________________/

**CLASS ACTION**

**USHEALTH GROUP, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant, USHEALTH Group, Inc. ("USHG"), pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), and Local Rule 7.5, submits this Brief in Support of its Motion to Dismiss Plaintiffs Joseph Ford, Jr. and Edward Pershwitz's ("Plaintiffs") First Amended Class Action Complaint ("FAC") for Lack of Personal Jurisdiction and failure to state a claim.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii
PROCEDURAL HISTORY ........ 1
STATEMENT OF FACTS ........ 1
STATEMENT OF QUESTIONS INVOLVED ........ 2
INTRODUCTION ........ 3
ARGUMENT ........ 5
I. Legal Standard ........ 5
II. This Court Does Not Have General Personal Jurisdiction over USHG ........ 7
III. Nor Is There Specific Personal Jurisdiction Over USHG ........ 8
a. *Plaintiff Ford* ........ 14
b. *Plaintiff Pershwitz* ........ 15
IV. Asserting Personal Jurisdiction over USHG Would Violate Due Process ........ 17
V. The Court Lacks Personal Jurisdiction Over Ushg With Respect To Non-Resident Class Members ........ 19
a. *This Court Does Not Have General Personal Jurisdiction Over USHG* ........ 19
b. *Specific Jurisdiction as to Plaintiffs' Claims Does Not Subject USHG to the Court's Jurisdiction for Non-resident Putative Class Members* ........ 20
VI. The FAC Fails To State A Claim Against USHG ........ 23
a. *The Applicable Pleading Standard* ........ 23
b. *Plaintiffs Fail to Plausibly Allege any Conduct by USHG* ........ 24
CONCLUSION ........ 27

# TABLE OF AUTHORITIES

Cases

*Alfaro-Huitron v. WKI Outsourcing Sols., LLC,*
No. EP-14-CV-00159-FM, 2015 WL 1040464 (W.D. Tex. Mar. 10, 2015) .......13
*Am. Bell Inc. v. Fed'n of Tel. Workers of Pa.,*
736 F.2d 879 (3d Cir.1984) .......11
*Asahi Metal Industry Co. v. Superior Court,*
480 U.S. 102 (1987) .......8
*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .......23
*Ashland Hosp. Corp. v. Serv. Employees Int'l Union, Dist. 1199 WV/KY/OH,*
708 F.3d 737 (6th Cir. 2013) .......24
*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) .......23
*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County,*
137 S. Ct. 1773 (U.S. 2017) ....... passim
*Burger King Corp. v. Rudzewicz,*
471 U.S. 462 (1985) .......8, 9
*Cannon Mfg. Co. v. Cudahy Packing Co.,*
267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925) ....... 10, 11
*Cardenas v. Spinnaker Resorts, Inc.,*
No. CV 16-2466 (JLL), 2017 WL 3315285 (D.N.J. Aug. 3, 2017) ....... 10, 16
*Chavez v. Church & Dwight Co., Inc.,*
No. 17 C 1948, 2018 WL 2238191 (N.D. Ill. May 16, 2018) .......21
*Chernus v. Logitech, Inc.,*
No. 17-673(FLW), 2018 WL 1981481 (D.N.J. Apr. 27, 2018) .......21
*China Agritech, Inc. v. Resh,*
138 S. Ct. 1800 (2018) .......22
*Clark v. Matsushita Elec. Indus. Co.,*
811 F. Supp. 1061 (M.D. Pa. 1993) .......10
*Cunningham v. Health Plan Intermediaries Holdings, LLC,*
No. 17-CV-1216, 2018 WL 835222 (N.D. Ill. Feb. 13, 2018) .......26
*Daimler AG v. Bauman,*
134 S. Ct. 746 (2013) .......7
*DISH Network LLC,*
28 F.C.C. Rcd. 6574 (2013) ....... 24, 25
*Donaca v. Dish Network, LLC.,*
303 F.R.D. 390 (D. Colo. 2014) .......24

*Frank v. U.S. W., Inc.*,
3 F.3d 1357 (10th Cir. 1993) ........................................................................11
*Franklin v. Express Text LLC*,
No. 16 C 9660, 2017 WL 6540044 (N.D. Ill. Aug. 2, 2017) ...............................25
*Garvey v. Am. Bankers Ins. Co. of Fla.*,
No. 17-CV-986, 2019 WL 2076288 (N.D. Ill. May 10, 2019) ............................20
*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011) ...................................6, 7
*Gress v. Freedom Mortg. Corp.*,
386 F. Supp. 3d 4555 (M.D. Pa. 2019 ................................................................21
*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
466 U.S. 408 (1984) ..........................................................................................7, 19
*Hicks v. Health Ins. Innovations, Inc.*,
No. CV173344SDWLDW, 2017 WL 6764054 (D.N.J. Dec. 20, 2017).............18
*Holland v. JPMorgan Chase Bank, N.A.*,
No. 19 CIV. 00233 (PAE), 2019 WL 4054834 (S.D.N.Y. Aug. 28, 2019) .........11
*In re Burlington Coat Factory Securities Litigation*,
114 F.3d 1410 (3d Cir.1997) ..............................................................................24
*In re Dicamba Herbicides Litig.*,
359 F. Supp. 3d 711 (E.D. Mo. 2019) .................................................................21
*Int'l Shoe Co. v. Washington*,
326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ...................................................5
*It's Intoxicating, Inc. v. Maritim Hotelgesellschaft mbH*,
No. 3:CV-11-2379, 2015 WL 365681 (M.D. Pa. Jan. 27, 2015).........................12
*LaSala v. Marfin Popular Bank Pub. Co., Ltd.*,
410 F. App'x 474 (3d Cir. 2011) ......................................................................6, 12
*Linko v. Am. Educ. Servs.*,
No. 1:12-CV-355, 2012 WL 1439052 (M.D. Pa. Apr. 26, 2012)........................23
*Mann v. Bales*,
No. 4:15-CV-01440, 2016 WL 11268872 (M.D. Pa. July 12, 2016).....................8
*Marten v. Godwin*,
499 F.3d 290 (3d Cir. 2007) ...................................................................................6
*Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*,
960 F.2d 1217 (3d Cir. 1992) .................................................................................7
*Michaels v. Micamp Merch. Servs.*, No. CIV.A.,
13-191E, 2013 WL 5970340 (W.D. Pa. Nov. 8, 2013)........................................18
*Miller Yacht Sales, Inc. v. Smith*,
384 F.3d 93 (3d Cir. 2004) .....................................................................................6
*Murray v. Miner*,
74 F.3d 402 (2d Cir. 1996) ...................................................................................11

*O'Connor v. Sandy Lane Hotel Co.*,
496 F.3d 312 (3d Cir. 2007) ....................5
*Phan v. Grand Bahama Cruise Line, LLC*,
No. 15-CV-05019-BLF, 2016 WL 1427648 (N.D. Cal. Apr. 12, 2016) ....................26
*Phillips Petroleum Co. v. Shutts*,
472 U.S. 797 (1985) ....................22
*Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.*,
461 F.2d 1140 (3d Cir.1972) ....................11
*Rafferty v. Denny's, Inc.*,
No. 5:18-CV-2409, 2019 WL 2924998 (N.D. Ohio July 8, 2019) ....................20
*Rantnetwork, Inc. v. Underwood*,
No. 4:11-CV-1283, 2012 WL 1021326 (M.D. Pa. Mar. 26, 2012)....................13
*Remick v. Manfredy*,
238 F.3d 248 (3d Cir. 2001) .................... 5, 6, 16
*Reo v. Caribbean Cruise Line, Inc.*,
No. 1:14 CV 1374, 2016 WL 1109042 (N.D. Ohio Mar. 18, 2016)....................26
*Sanchez v. Launch Technical Workforce Solutions, LLC*,
297 F. Supp. 3d 1360 (N.D. Ga. 2018) ....................22
*Savin Corp. v. Heritage Copy Prod., Inc.*,
661 F.Supp. 463 (M.D.Pa.1987)....................11
*Shouse v. Nat'l Corrective Grp., Inc.*,
No. 3:10-CV-0175, 2010 WL 4942222 (M.D. Pa. Nov. 30, 2010) ....................11
*Simmons v. Charter Commc'ns, Inc.*,
222 F. Supp. 3d 121 (D. Conn. 2016) ....................25
*Smith v. Bayer Corp.*,
564 U.S. 299 (2011) ....................22
*Spratley v. FCA US LLC*,
No. 317CV0062MADDEP, 2017 WL 4023348 (N.D.N.Y. Sept. 12, 2017).......17
*Thomas v. Taco Bell Corp.*,
879 F. Supp. 2d 1079 (C.D. Cal. 2012)....................13
*Utah*,
414 U.S. 538 (1974) ....................22
*Velez v. Portfolio Recovery Assocs., Inc.*,
881 F. Supp. 2d 1075 (E.D. Mo. 2012)....................15
*Walden v. Fiore*,
134 S. Ct. 1115 (U.S. 2014) ....................8
*Wenokur v. AXA Equitable Life Ins. Co.*,
No. CV-17-00165-PHX-DLR, 2017 WL 4357916 (D. Ariz. Oct. 2, 2017) ........21
*Worldcom, Inc. v. Graphnet, Inc.*,
343 F.3d 651 (3d Cir.2003) ....................24

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980) ....................................................................................17

Statutes

42 Pa. Cons. Stat. Ann. § 5322(b) ..........................................................................9
47 U.S.C. § 227 ............................................................................................................6

Rules

Federal Rule of Civil Procedure 12 ..................................................................1, 27

## PROCEDURAL HISTORY

On June 25, 2019, Plaintiffs filed their Class Action Complaint ("Complaint") against USHG. In response, USHG filed its Motion to Dismiss the Complaint for lack of personal jurisdiction and failure to state a claim, and accompanying brief, on August 12, 2019. Dkt. Nos. 14 & 15. Rather than remove USHG from the Complaint or correct the obvious deficiencies requiring the Complaint to be dismissed, Plaintiffs filed the FAC on August 30, 2019, levying inflammatory and conclusory accusations of a grand scheme by USHG to shield itself from liability. Dkt. No. 25 (*see* ¶¶ 42-43). Now, USHG moves this Court to dismiss the FAC for the same reasons that the original Complaint should have been dismissed: because this Court lacks personal jurisdiction over USHG for Plaintiffs' claims and because Plaintiffs have failed to state a claim against USHG upon which relief can be granted.

## STATEMENT OF FACTS

1. USHG is a Delaware Corporation with its principal place of business in Fort Worth, Texas, and USHG has *no contacts* with the State of Pennsylvania. Ex. A at ¶¶ 3, 7-13.

2. USHG is a holding company for numerous subsidiaries, including USHEALTH Advisors, LLC ("USHA") and is neither a licensed insurance company nor a licensed insurance agency; it does not market, sell or underwrite

any insurance products. USHG and its subsidiaries are separate and distinct entities. *Id.* at ¶¶ 4-6.

3. USHG does not exert any control over USHA's daily affairs. *Id.* at ¶ 7.

4. USHG did not make telephone calls or send text messages to Plaintiffs, and does not conduct telemarketing or make telephone calls or send text messages to solicit sales from potential customers, in Pennsylvania or in any other State. *Id.* at ¶¶ 18-20.

5. USHG has no contractual relationship or right to control the activities of any of the individuals alleged in the FAC to have made telephone calls or sent text messages to Plaintiffs. *Id.* at ¶¶ 15-17.

6. Pershwitz is an admitted resident of the State of Texas. Compl. at ¶ 11.

## STATEMENT OF QUESTIONS INVOLVED

1. Whether USHG is subject to personal jurisdiction in the State of Pennsylvania for the named Plaintiffs' claims.

2. Whether USHG is subject to personal jurisdiction in the State of Pennsylvania for the claims of non-resident putative class members.

3. Whether Plaintiffs have sufficiently stated a claim for relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

USHG does not have contact with, and is not subject to personal jurisdiction in, this forum. Plaintiffs have not, because they cannot, alleged facts sufficient to show USHG's involvement in the alleged TCPA violations. What's more is that Pershwitz is an admitted resident of the State of Texas, so there can never be a connection between the alleged telephone calls he received in Texas and the State of Pennsylvania. The reality is that USHG has no contacts in the State of Pennsylvania; it is not registered to conduct business in Pennsylvania; and Pennsylvania is not USHG's "home." Moreover, USHG did not knowingly and voluntarily – or in any way acting with intent – direct any activity relating to Plaintiffs' claims into the forum state. Plaintiffs cannot apply the acts of other individuals or distinct business entities in attempting to hale USHG into court.

By Plaintiffs' pleading, this case is not about the conduct of USHG, nor is it about some other person or entity acting "on behalf of" USHG, despite Plaintiffs' broad inclusion of this conclusory language. It appears to be about individual licensed insurance agents[1] with various States *allegedly* calling and texting

---

[1] The use of terms "licensed insurance *agent*" and "insurance *agent*" should not be misconstrued to infer an agency relationship between the licensed insurance agents and USHA. The term "agent" in the context of the insurance industry has a meaning distinct from the legal term of art used to describe a principal and agent relationship. When an individual is licensed by a state to sell insurance products, they become "licensed insurance agents." These insurance agents usually contract with one or more insurance providers to sell insurance services and products.

Plaintiffs' cellular telephones with information regarding healthcare insurance coverage.[2] But there is *no relationship* between USHG and the licensed health insurance agents. Plaintiffs' own allegations label the individuals who allegedly made the calls and sent the texts as agents of USHA, *not* USHG. That is because USHG is an insurance holding company, nothing more, and does not exert control of USHA or its independent contractors. Plaintiffs attempt to rebut this fact by accusing USHG, with no factual support whatsoever, of creating USHA for the supposed purpose of shielding USHG from TCPA liability. The FAC's conclusory allegations then improperly lump USHG and USHA into one entity and assumes – without any factual or legal support – that USHA's contractual relationships with independently licensed insurance agents somehow apply to USHG too. They do not, and Plaintiffs have failed to allege any conduct by USHG whatsoever – or any basis to believe the calls and texts were placed by or on behalf of USHG. Plaintiffs' conclusory assertions are not enough.

USHG is a Delaware corporation with its principal place of business in Texas. It does not have systematic or continuous jurisdictional contacts with Pennsylvania required to permit general jurisdiction. Nor do Plaintiffs provide

---

Thus, they are "insurance agents" as licensed by the state – not agents controlled by a principal (unless such facts are shown by a party attempting to prove a principal/agent relationship).

[2] Upon information and belief, each of the Plaintiffs provided their contact information and consented to receive calls relating to health insurance coverage.

even a *prima facie* basis for specific personal jurisdiction, as they allege no non-conclusory conduct whatsoever by USHG directed toward Pennsylvania. Even if they had, the Court would still lack personal jurisdiction over USHG for Pershwitz because he is a resident of Texas, not Pennsylvania, and for Ford because he has not alleged any facts for the Court to conclude that USHG expressly aimed its conduct at Pennsylvania, as is required to establish specific personal jurisdiction. Plaintiffs have not come close to establishing any basis for personal jurisdiction over USHG, and thus fail to state a plausible claim for relief under the TCPA.

## ARGUMENT

### I. Legal Standard

A district court "typically exercises personal jurisdiction according to the law of the state where it sits." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). Pennsylvania's long-arm statute authorizes courts to exercise personal jurisdiction "to the fullest extent allowed under the Constitution of the United States...." 42 Pa. Cons. Stat. Ann. § 5322(b). Due process requires that a nonresident defendant have "minimum contacts" with the forum state, and "that the exercise of jurisdiction comport with 'traditional notions of fair play and substantial justice.'" *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

Two types of personal jurisdiction have evolved from these due process principles: general jurisdiction and specific jurisdiction. General personal jurisdiction is satisfied when a defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011) (citation and internal quotation omitted). Specific personal jurisdiction exists when "the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant should reasonably anticipate being haled into court in that forum." *Remick*, 238 F.3d at 255 (citation and internal quotation marks omitted). In order to assert specific personal jurisdiction, Plaintiffs must show that their claims arise out of or relate specifically to activities that USHG purposefully directed at Pennsylvania. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007).

Unless the court holds an evidentiary hearing, at the motion-to-dismiss stage the Plaintiffs' need only establish a *prima facie* case of personal jurisdiction. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Under a *prima facie* standard, "the plaintiff's allegations are presumed true and all factual disputes are resolved in the plaintiff's favor," but "the ultimate burden remains on the plaintiff to demonstrate the existence of jurisdiction by a preponderance of the evidence." *LaSala v. Marfin Popular Bank Pub. Co., Ltd.*, 410 F. App'x 474, 476

(3d Cir. 2011). A plaintiff establishes a *prima facie* case "by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (internal quotation and citation omitted).

## II. <u>This Court Does Not Have General Personal Jurisdiction over USHG</u>

General personal jurisdiction exists if a defendant's contacts arise from continuous, systematic, and substantial presence in the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). The Supreme Court has clarified that to establish general personal jurisdiction over a corporate entity such as USHG, its "affiliations with the State [must be] so 'continuous and systematic' as to render [it] essentially at home in the forum State,'" akin to the "paradigm bases for general jurisdiction" of a corporation's place of incorporation or principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760-61 (2013) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)).

Nothing in the FAC suggests USHG has the continuous and systematic contacts required for general personal jurisdiction, nor could it. USHG was organized under the laws of the State of Delaware and its principal place of business is Fort Worth, Texas. As made clear in the accompanying Declaration of Konrad H. Kober ("Kober Declaration"), USHG lacks the continuous and

systematic jurisdictional contacts with the State of Pennsylvania to render it "essentially at home" there. *See* Statement of Facts ("SOF") ¶ 1; Ex. A at ¶¶ 3, 8-14. Accordingly, there is no basis for the Court to find a *prima facie* showing of general jurisdiction over USHG.

## III. <u>Nor Is There Specific Personal Jurisdiction Over USHG</u>

Specific jurisdiction over USHG is also lacking. Specific jurisdiction requires that a defendant purposefully directed its activities at the State of Pennsylvania, and that a plaintiff's claimed injury arose from those same activities. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471 (1985). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State." *Burger King*, 471 U.S. at 474-75. Thus, to show minimum contacts, Plaintiffs are required to point to "*an action of the defendant* purposefully directed toward the forum State." *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 112 (1987) (emphasis added). *See also Mann v. Bales*, No. 4:15-CV-01440, 2016 WL 11268872, at *3 (M.D. Pa. July 12, 2016), *report and recommendation adopted*, No. 4:15-CV-01440, 2016 WL 5864091 (M.D. Pa. Oct. 7, 2016) (setting forth the analytical framework). It is black letter law that the ***"'minimum contacts' necessary to create specific jurisdiction . . . . must arise out of contacts that the 'defendant himself' creates with the forum State."*** *Walden v. Fiore*, 134 S. Ct.

1115, 1122-23 (U.S. 2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)) (emphasis added). The Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id*. (collecting cases).

Here, Plaintiffs allege merely that individual persons (third parties) possibly contracted with USHA contacted Plaintiffs with supposed unsolicited offers for insurance coverage. Compl. at ¶¶ 6-7; SOF ¶ 4; Ex. A at ¶¶ 15-17 (explaining that none of the individual insurance agents named in the FAC have any relationship with USHG). As Plaintiffs only allege conduct by third parties, and none by USHG whatsoever, they allege ***no*** contacts between USHG and Pennsylvania. The Kober Declaration makes clear that USHG is not licensed to conduct business in Pennsylvania; has no contractual or agency relationship with the independent insurance agents identified in the FAC; does not have bank accounts, employees, mail box addresses, or telephone numbers in Pennsylvania; does not pay taxes in Pennsylvania; has never owned or operated a call center in Pennsylvania; neither made or directed the making of the phone calls and text messages in this case nor does any telemarketing whatsoever; and did not authorize any person to send text messages or make telephone calls on its behalf in the State of Pennsylvania. *See* SOF ¶ 1, 3; Ex. A at ¶¶ 3, 7-13, 17-19. As Plaintiffs cannot refute this evidence,

this case must be dismissed. *See Cardenas v. Spinnaker Resorts, Inc.*, No. CV 16-2466 (JLL), 2017 WL 3315285, at *4 (D.N.J. Aug. 3, 2017) (granting motion to dismiss TCPA claim for lack of personal jurisdiction where defendant submitted a declaration establishing that it was an out-of-state corporation with no employees in the forum; it did not conduct telemarketing activities or make telephone calls to solicit sales from potential customers; all telemarketing activities directed to potential customers were conducted by subsidiary companies or independent contractors they hired; it was not registered to do business in the forum state and did not solicit business there).

Plaintiffs' only explanation as to why the alleged texts and calls came from USHG is that USHG is the parent company of USHA, the company that *may* have contracted with some of the licensed insurance agents identified in the FAC. Compl. at ¶ 24. That fact is irrelevant because "mere ownership by a parent corporation of a subsidiary present in the forum state will not automatically subject the parent to personal jurisdiction in that forum." *Clark v. Matsushita Elec. Indus. Co.*, 811 F. Supp. 1061, 1067 (M.D. Pa. 1993). "[S]ubsidiaries, even if wholly-owned, are presumed separate and distinct entities from their parent corporations. *Id.* (citing *Cannon Mfg. Co. v. Cudahy Packing Co.,* 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925).

Plaintiffs attempt to rebut this presumption by haphazardly accusing USHG,

"*on information and belief*," of creating USHA as a "shield" for TCPA liability. Compl. at ¶42. First, "[i]t is well-established that '[t]he law allows a corporation to organize so as to isolate liabilities among separate entities.'" *Holland v. JPMorgan Chase Bank, N.A.*, No. 19 CIV. 00233 (PAE), 2019 WL 4054834, at *7 (S.D.N.Y. Aug. 28, 2019) (quoting *Murray v. Miner*, 74 F.3d 402, 404 (2d Cir. 1996) (citing *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1362 (10th Cir. 1993)). Second, in the Third Circuit, where the separation between a corporate parent and its subsidiary is substantive, a court does not have jurisdiction over the non-resident parent. *Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1142 (3d Cir.1972) (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925)).

Instead, personal jurisdiction exists only "if the separateness of the two corporate entities has been disregarded or if the subsidiary is merely the alter ego or agent of the parent." *Shouse v. Nat'l Corrective Grp., Inc.*, No. 3:10-CV-0175, 2010 WL 4942222, at *7 (M.D. Pa. Nov. 30, 2010). For a subsidiary to be considered the alter ego or agent of its parent corporation, "the degree of control exercised by the parent must be greater than normally would be associated with common ownership and directorship." *Savin Corp. v. Heritage Copy Prod., Inc.*, 661 F.Supp. 463, 468 (M.D.Pa.1987). The requirements for disregarding the separateness of the two corporate entities are "demanding ones," *Am. Bell Inc. v.*

*Fed'n of Tel. Workers of Pa.*, 736 F.2d 879, 886 (3d Cir.1984), and Plaintiffs have not come close to meeting their burden of demonstrating with *facts*, not mere allegations, that personal jurisdiction over USHG is proper by a preponderance of the evidence. *LaSala*, 410 F. App'x at 476.

As USHG swore to in the declaration supporting its original motion to dismiss, and again in support of this Motion, USHG and USHA are separate entities, in both form and practice. Each company has its own governing board and holds separate meetings of its governing body; makes independent decisions without the approval of the other, including but not limited to hiring decisions; and employs separate accounting procedures and maintains separate records; and USHG does not exert any control over USHA's daily affairs. SOF ¶¶ 2-3; Ex. A at ¶4-7. Plaintiffs simply state no facts that would provide this Court a non-speculative basis to rebut the presumption of separateness and impute the jurisdictional contacts of USHA's independent contractors with Pennsylvania to USHG. While, for purposes of personal jurisdiction, the actions of an agent may be attributed to the principal, an agency relationship cannot be presumed to exist, and it is Plaintiffs' burden to "make a *prima facie* showing of an agency relationship between [USHG and the persons who called or texted Plaintiffs] through the introduction of [their] own affidavits or other competent evidence. *It's Intoxicating, Inc. v. Maritim Hotelgesellschaft mbH*, No. 3:CV-11-2379, 2015 WL

365681, at *11 (M.D. Pa. Jan. 27, 2015)." *See also Alfaro-Huitron v. WKI Outsourcing Sols., LLC*, No. EP-14-CV-00159-FM, 2015 WL 1040464, *7 (W.D. Tex. Mar. 10, 2015) (finding that agency relationship cannot be presumed for personal jurisdiction analysis). Plaintiffs have not offered any *facts* to support the existence of an agency relationship between USHG and the individuals who allegedly contacted Plaintiffs.

In the context of the TCPA, to establish an agency relationship, the alleged principal must have "controlled or had the right to control [the alleged agents] and, more specifically, the manner and means of the [telemarketing] campaign they conducted." *Thomas v. Taco Bell Corp*., 879 F. Supp. 2d 1079, 1085 (C.D. Cal. 2012), *aff'd*, 582 F. App'x 678, 679 (9th Cir. 2014). Nothing remotely along these lines is alleged in the FAC. Nor could Plaintiffs do so with respect to USHG. As averred in the accompanying Kober Declaration, USHG did not control, direct, or authorize any person to make the telephone calls or text messages described in the FAC or any other telephone calls or text messages with an auto-dialer or pre-recorded message. SOF ¶ 3; Ex. A at ¶¶ 15-20.

Under settled law, there is no basis to impute any purported agent's jurisdictional contacts to USHG. *See Rantnetwork, Inc. v. Underwood*, No. 4:11-CV-1283, 2012 WL 1021326, at *5 (M.D. Pa. Mar. 26, 2012).

**a. *Plaintiff Ford***

Ford alleges he received "a barrage of unsolicited autodialed calls . . . regarding an 'insurance inquiry,'" and then states they were made by "UHA agents" – ***not*** USHG agents. Compl. at ¶¶ 6, 96-97. But he does not identify the names of these insurance agents that called him or how they are connected with USHG; their telephone numbers or that such numbers are connected to USHG in any way; or even what these insurance agents said to Ford that would lead him to reasonably believe that USHG made the calls or directed the calls to be made. Ford also provides screenshots of the alleged text messages he received. *See* Compl. at ¶¶ 102-109. Only one of the insurance agents, Angel Williams, even referenced USHG in the text messages, (Compl. at ¶¶ 107 & 109), however this reference is contradicted twice within both text messages where Williams states he is with "USHEALTH Advisors." Further, the website provided by Williams in the text messages lists him as a "USHEALTH Advisors Agent," and his LinkedIn account lists him as an "Independent Consultant - Licensed Health Advisor at USHEALTH Advisors."[3] Additionally, like the alleged phone calls, Ford fails to connect any of the telephone numbers that texted him to USHG. His conclusory allegations that the phone calls and text messages came from or on behalf of USHG cannot stand in light of the Kober Declaration. *See* Ex. A at ¶¶ 15-17

[3] Angel Williams, LINKEDIN, https://www.linkedin.com/in/angel-williams-50958811b/ (last visited on September 30, 2019).

(explaining that USHG has no relationship or control over Angel Williams).

In *Velez v. Portfolio Recovery Assocs., Inc.*, a plaintiff attempted to assert TCPA claims against a parent corporation based on a subsidiary's operation of a call center in the forum. The court held that there was no personal jurisdiction over the parent corporation because absent an "indication on the record that Defendant dictates every facet of the LLC's business," "Defendant's ownership interest in the LLC is too distant and limited a contact with [the forum] to justify subjecting it to personal jurisdiction." 881 F. Supp. 2d 1075, 1085 (E.D. Mo. 2012). Here, there are not even allegations that USHG's subsidiary acted in the forum. Instead, Plaintiffs allege that licensed insurance agents, who may be contracted with USHA (according to the websites cited by Plaintiffs in the FAC), made the calls and texts. Likewise, USHG, as the parent corporation of USHA, cannot be subject to personal jurisdiction in Pennsylvania.

**b. *Plaintiff Pershwitz***

Like Ford, Pershwitz's allegations lack any connection to USHG. In fact, the most that Pershwitz does to connect any of the alleged texts and calls to USHG is to cite to various LinkedIn accounts and websites related to the licensed insurance agents that called him as some sort of proof that these licensed insurance agents are employees of USHG. Compl. at n. 72-77. A quick look at any of these websites shows that the licensed insurance agents sell USHA products and do not

purport to be representatives of USHG, which makes sense considering *none* of the twelve (12) screenshots presented by Pershwitz in the FAC – which are supposed to depict text messages sent ***by*** USHG – do not reference USHG even once. Compl. at ¶¶ 130-144. ***Not once***.

Not only does Perhwitz fail to allege any conduct by USHG, there could not be any cognizable contacts between USHG and Pennsylvania with respect to Pershwitz's claims because Pershwitz is not a resident of Pennsylvania, does not allege to have a phone number with a Pennsylvania area code, and does not allege that the calls or texts he received went into or were sent out of Pennsylvania.

Pershwitz cannot rely on Ford's residency or jurisdictional allegations because "a specific jurisdiction analysis is necessarily claim specific" and plaintiff specific. *Cardenas*, 2017 WL 3315285, at *4 (citing *Remick*, 238 F.3d at 255) (finding that "personal jurisdiction over one of the defendants as to a particular claim asserted by [a particular plaintiff] does not necessarily mean that it has personal jurisdiction over that same defendant as to [another plaintiff]'s other claims."). Pershwitz admits that he is a resident of Texas. Compl. at ¶ 11. Thus there is no basis for personal jurisdiction in Pennsylvania. While Ford alleges that he is a Pennsylvania resident, none of the purported calls or texts to Ford could have affected ***Pershwitz*** given Pershwitz's Texas residency. Any jurisdictional contacts that may have been created with respect to other persons that, unlike

Pershwitz, are in Pennsylvania, fail to provide the requisite link for specific personal jurisdiction between Pershwitz's claims and conduct directed at Pennsylvania.

The Supreme Court specifically rejected such an approach in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1781 (U.S. 2017), explaining that "[t]he mere fact that *other* plaintiffs . . . allegedly sustained the same injuries [in the forum] as did the nonresidents – does not allow the State to assert specific jurisdiction over the nonresidents' claims." *See also Spratley v. FCA US LLC*, No. 317CV0062MADDEP, 2017 WL 4023348, *7 (N.D.N.Y. Sept. 12, 2017) ("Similarly, in this case, the out-of-state Plaintiffs have shown no connection between their claims and Chrysler's contacts with New York. Therefore, the Court lacks specific jurisdiction over the out-of-state Plaintiffs' claims.").

## IV. Asserting Personal Jurisdiction over USHG Would Violate Due Process

Furthermore, asserting personal jurisdiction over USHG under these circumstances would offend due process, which requires that USHG have sufficient minimum contacts with Pennsylvania arising from its conduct and connections with Pennsylvania that would cause it to expect to be hauled before the State's courts. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Nothing in the FAC suggests exercising jurisdiction over USHG under the

circumstances of this case would comport with due process. The only connection that Ford claims to Pennsylvania – remember, Pershwitz claims none – is that he is a resident of the State with a Pennsylvania phone number. That fact, however, is not enough, as Ford has not alleged that USHG (if it was the caller or texter) could have known that Ford was in Pennsylvania. *See Michaels v. Micamp Merch. Servs.*, No. CIV.A. 13-191E, 2013 WL 5970340, at *4 (W.D. Pa. Nov. 8, 2013) (finding Pennsylvania lacked personal jurisdiction over TCPA defendant because plaintiff provided no evidence that defendant knew plaintiff was a Pennsylvania resident such that "Defendants expressly aimed their conduct at *Pennsylvania,* as is required to establish specific personal jurisdiction.") (internal quotations omitted). The text messages even reference individuals other than Plaintiffs, which infers that they were not intended for Plaintiffs at all. Plaintiffs also fail to allege where they were when they received any of the alleged calls or texts. *See Hicks v. Health Ins. Innovations, Inc.*, No. CV173344SDWLDW, 2017 WL 6764054, at *4 (D.N.J. Dec. 20, 2017), *report and recommendation adopted*, No. CV173344SDWLDW, 2018 WL 325308 (D.N.J. Jan. 8, 2018) (dismissing TCPA claim where plaintiff failed to allege that the phone calls in question were either received in or placed from the forum state). Thus, Ford's residency, in and of itself, is not sufficient to confer personal jurisdiction on this Court. Even if one delves further and reads the FAC quite leniently, it fails to state *any* facts showing that USHG purposefully

directed any conduct with respect to either Plaintiff that was intentionally directed toward Pennsylvania, so as to render the exercise of jurisdiction by a court in Pennsylvania regarding Plaintiffs' claims reasonable and fair.

## V. <u>The Court Lacks Personal Jurisdiction Over Ushg With Respect To Non-Resident Class Members</u>

Even if the Court finds that Plaintiffs have standing to maintain this suit, the Court is precluded from certifying a nationwide class because the Court lacks personal jurisdiction over USHG to do so. *See Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773 (2017) (a court can validly exercise personal jurisdiction over a non-resident's claims only where the court has general jurisdiction over the defendant or specific jurisdiction over the non-resident's claims). Therefore, the nationwide class allegations should be dismissed.

### a. <u>*This Court Does Not Have General Personal Jurisdiction Over USHG*</u>

As described above, there can be no debate that USHG is not within the Court's general personal jurisdiction, which only exists if a defendant's contacts arise from continuous, systematic, and substantial presence in the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 415 (1984). *See supra* at Section II. Nothing in the FAC suggests that USHG has the continuous and systematic contacts required for general personal jurisdiction, nor could it. USHG was organized under the laws of the State of Delaware and its principal

place of business is Fort Worth, Texas. As made clear in the Kober Declaration, USHG lacks the continuous and systematic jurisdictional contacts with the State of Kansas to render them "essentially at home" there. *See* SOF ¶ 1; Ex. A at ¶¶ 3, 8-14. Accordingly, there is no basis for the Court to find a *prima facie* showing of general jurisdiction over USHG.

**b. *Specific Jurisdiction as to Plaintiffs' Claims Does Not Subject USHG to the Court's Jurisdiction for Non-resident Putative Class Members***

For purposes of specific jurisdiction, a plaintiff's claims "must arise out of or relate to the defendant's contacts with the *forum*." *Bristol-Myers*, 137 S. Ct. at 1780 (internal quotations and bracketed text omitted). In *Bristol-Myers*, the Supreme Court found that due process and principles of federalism preclude the exercise of specific jurisdiction over a defendant with respect to non-residents' claims based on injuries suffered outside the forum. *Id.* at 1780-81. USHG's due process rights would therefore be violated if the Court exercises personal jurisdiction over non-resident claims in this case.

While the Supreme Court in *Bristol-Myers* did not conclude whether its holding was applicable to class actions, district courts across the nation have held that the federalism concerns of *Bristol-Myers* are equally applicable to class actions where a plaintiff seeks to represent a nationwide class against a non-resident defendant. *See Rafferty v. Denny's, Inc.*, No. 5:18-CV-2409, 2019 WL 2924998, at *7 (N.D. Ohio July 8, 2019); *Garvey v. Am. Bankers Ins. Co. of Fla.*,

No. 17-CV-986, 2019 WL 2076288, at *2 (N.D. Ill. May 10, 2019) (collecting cases); *In re Dicamba Herbicides Litig.*, 359 F. Supp. 3d 711, 724 (E.D. Mo. 2019); *Chernus v. Logitech, Inc.*, No. 17-673(FLW), 2018 WL 1981481, at *7 (D.N.J. Apr. 27, 2018); *Wenokur v. AXA Equitable Life Ins. Co.*, No. CV-17-00165-PHX-DLR, 2017 WL 4357916, at *5 (D. Ariz. Oct. 2, 2017). Courts in this District have refused to apply *Bristol-Myers* to class actions thus far. *See, e.g.*, *Gress v. Freedom Mortg. Corp.*, 386 F. Supp. 3d 455, 465 (M.D. Pa. 2019). However, this Court should find that USHG is *not* subject to personal jurisdiction with respect to non-resident putative class members who can assert no claim based upon any nexus to *this* forum.

The fact that this is a class action should not change the underling analysis of *Bristol-Myers,* which has obvious parallels to a putative nationwide class action in federal court. "Nothing in *Bristol-Myers* suggests that its basic holding is inapplicable to class actions." *Chavez v. Church & Dwight Co., Inc.*, No. 17 C 1948, 2018 WL 2238191, at *10 (N.D. Ill. May 16, 2018) (slip op.). *Bristol-Myers* discusses a general principle of due process – in cases involving specific jurisdiction, there must be a connection between the forum and each plaintiff's claims. The unique facts demonstrated here, with a Missouri resident trying to obtain relief in this Court against a defendant that is not subject to personal jurisdiction in this District or in Missouri, show precisely why the rationale of

*Bristol-Myers* is appropriately applied here.

Notably, courts have considered unnamed putative class members for fundamental issues that could abridge the rights of a party, such as the tolling of the statute of limitations, the binding effect of a judgment, and appealing an adverse judgment. *Sanchez v. Launch Technical Workforce Solutions, LLC*, 297 F. Supp. 3d 1360, 1368 (N.D. Ga. 2018) (citing *Am. Pipe & Contr. Co. v. Utah,* 414 U.S. 538, 540–60 (1974); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 184 (1985); *Smith v. Bayer Corp*., 564 U.S. 299, 313 (2011)); *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1806-07 (2018). Including unnamed putative class members for purposes of determining whether the court has specific personal jurisdiction over a defendant is akin to those decisions. Further, applying *Bristol-Myers* here is consistent with the interstate federalism concerns that underpin personal jurisdiction, i.e., that personal jurisdiction *divests courts* of the ability to reach out beyond their borders to render judgments that are not related to the States in which they reside. *See Bristol-Myers*, 137 S. Ct. at 1781. These same federalism concerns should dictate that a federal district court cannot reach beyond the borders of the forum state to exercise jurisdiction of absent class members' claims that lack any connection to the forum. Accordingly, the nationwide class allegations should be dismissed from the FAC.

## VI. The FAC Fails To State A Claim Against USHG

### a. *The Applicable Pleading Standard*

Dismissal is also required under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. "A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *Linko v. Am. Educ. Servs.*, No. 1:12-CV-355, 2012 WL 1439052, at *2 (M.D. Pa. Apr. 26, 2012). To satisfy the pleading requirements, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. A "sheer possibility that the defendant has acted unlawfully" is insufficient, and "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555-56. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* at 557. A complaint therefore must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action therefore will not suffice. *Twombly*, 550 U.S. at 555.

In determining the sufficiency of a complaint, the court must accept as true all well-pled factual allegations and draw all reasonable inferences therefrom in the light most favorable to the non-moving party, *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir.2003), but need not credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429–1430 (3d Cir.1997).

**b. *Plaintiffs Fail to Plausibly Allege any Conduct by USHG***

A party can violate the TCPA by directly placing the telephone call at issue or indirectly for a call placed by its agent. *See In re DISH Network LLC*, 28 F.C.C. Rcd. 6574, 6584, 6586-87 (2013). Courts agree that direct liability under the TCPA can exist only against the actual ***"maker"*** of the call at issue, *i.e.*, the party that physically placed or initiated the call. *See, e.g., Ashland Hosp. Corp. v. Serv. Employees Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 742-43 (6th Cir. 2013); *Donaca v. Dish Network, LLC.*, 303 F.R.D. 390, 394, 396 (D. Colo. 2014).

Plaintiffs expressly state that it was not USHG that placed the calls and texts at issue, but that "UHA Agents," the independently licensed insurance agents, were the makers of the calls and texts. Compl. at ¶¶ 6-7. Plaintiffs offer nothing whatsoever in the form of well-pleaded facts to connect USHG to the calls at issue. No originating telephone number is alleged for the telephone calls, let alone shown to be associated with USHG, nor is there an allegation that USHG's name was

even mentioned on the telephone calls at issue. While there are originating telephone numbers alleged for the text messages, Plaintiffs still fail to associate these telephone numbers with USHG. Nothing in the FAC could even suggest that USHG made any of the telephone calls or text messages at issue, or cause the Court to treat such a suggestion as anything more than specious or, at best, speculative.

Any claim for vicarious liability against USHG also fails to be plausibly stated. While a non-initiating party of a telephone call "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers," *In re DISH Network*, 28 F.C.C. Rcd. at 6584, the FAC does not plausibly state any agency basis for imposing vicarious liability. While the FAC refers generally and in conclusory terms to calls being made by others on USHG's "behalf" or by its "agents," that fails to allege facts sufficient to state a claim for vicarious liability. *See, e.g.*, *Franklin v. Express Text LLC*, No. 16 C 9660, 2017 WL 6540044, *2 (N.D. Ill. Aug. 2, 2017) (holding that "[a]dding the words 'on behalf of' to the amended complaint is insufficient to allege, much less establish," vicarious liability or agency to send text messages on defendant's behalf"), *vacated on other grounds*, 727 F. App'x 853 (7th Cir. 2018); *Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 132 (D. Conn. 2016), *aff'd*, 686 F. App'x 48 (2d Cir. 2017).

Instead, it is settled that a plaintiff must allege facts supporting *each* of the elements of the agency theory supporting vicarious liability. *See, e.g., See Cunningham v. Health Plan Intermediaries Holdings, LLC,* No. 17-CV-1216, 2018 WL 835222, *4-7 (N.D. Ill. Feb. 13, 2018); *Phan v. Grand Bahama Cruise Line, LLC,* No. 15-CV-05019-BLF, 2016 WL 1427648, *2 (N.D. Cal. Apr. 12, 2016); *Reo v. Caribbean Cruise Line, Inc.*, No. 1:14 CV 1374, 2016 WL 1109042, *5 (N.D. Ohio Mar. 18, 2016). But Plaintiffs completely fail to do so. Throughout the FAC, Plaintiffs refer to the insurance agents that contacted them as "UHA Agents" (UHA being the same as USHA). *See, e.g.*, FAC at ¶¶ 5-7, 22, 93. Notably, the term "UHG Agents" does not appear once, because USHG has no involvement with the conduct alleged in this case. Plaintiffs attempt to bridge this gap with a bald legal conclusion: "at all times relevant hereto, UHA was acting as UHG's agent . . . . UHA had UHG's actual or apparent authority to place calls and send text messages on UHG's behalf." *Id.* at ¶ 54. But this allegation fails to provide *factual* support for *each* of the elements of these agency theories, and misses the point that an agency relationship between USHG and USHA (even if it is shown, though it is not), does not equate to an agency relationship between USHG and the individuals who actually placed the alleged calls and texts. In other words, there are zero allegations to support a plausible inference that alleged agents of USHA were also sub-agents of USHG or that such a sub-agency included within its scope the

authority to conduct unauthorized telemarketing.

## CONCLUSION

For the foregoing reasons, USHG requests that this Court dismiss Plaintiffs' First Amended Complaint with prejudice, and award such further relief as this Court deems just and proper.

Dated: September 30, 2019

Respectfully submitted,

**GREENSPOON MARDER LLP**

BY: */s/ Gregg I. Strock*
JEFFREY A. BACKMAN (*pro have vice)*
Florida Bar No. 662501
GREGG I. STROCK (*pro hac vice*)
Florida Bar No. 1010140
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
khia.joseph@gmlaw.com
gregg.strock@gmlaw.com
marie.kusek@gmlaw.com

*AND*

**POST & SCHELL, P.C.**
BRYAN M. SHAY, ESQ.
I.D. # 205953
1600 JFK Blvd., 13th Floor
Philadelphia, PA 19103
(215) 587-1182
bshay@postschell.com

*Attorneys for USHEALTH Group, Inc.*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8(b)**

I hereby certify that the foregoing Brief complies with Middle District Local Rule 7.8(b)(2), as amended by the Court's Order Granting USHG's Motion for Leave to File Excess Pages, in that it contains fewer than 6,500 words. According to the word count feature of the word-processing system used to prepare this Brief, the Brief contains 6,356 words (exclusive of the tables of contents and authorities).

BY: *<u>/s/ Gregg I. Strock</u>*
Gregg I. Strock

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have filed the foregoing document with the Clerk of Court via CM/ECF on September 30, 2019. I further certify that any party that enters an appearance in this matter will receive a copy of this document via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notice of Electronic Filing.

BY: *<u>/s/ Gregg I. Strock</u>*
Gregg I. Strock