**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA (SCRANTON)**
**CASE NO.: 3:19-cv-01091-ARC**
**(Judge A. Richard Caputo)**

JOSEPH FORD, JR., AND EDWARD PERHWITZ, individually and on behalf of all others similarly situated,

**CLASS ACTION**

Plaintiffs,

v.

USHEALTH GROUP, INC., AND USHEALTH ADVISORS, LLC,

Defendants.
_________________________________________/

**USHEALTH GROUP, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant, USHEALTH Group, Inc. ("USHG"), pursuant Local Rules 7.7 and 7.8, submits this Reply Brief in Further Support of its Motion to Dismiss Plaintiffs Joseph Ford, Jr. and Edward Pershwitz's ("Plaintiffs") First Amended Class Action Complaint ("FAC") for Lack of Personal Jurisdiction and Failure to State a Claim ("Motion").

## I. PRELIMINARY STATEMENT

After reading the FAC, one wonders "what does this have to do with USHG?" Plaintiffs Brief in Opposition to the Motion ("Response") fails to answer this question. Instead of meeting their evidentiary burden for a 12(b)(2) motion,

Plaintiffs beat around the bush by focusing on unsupported and nonevidentiary allegations, references to websites, and hearsay statements on the internet. Almost all of these allegations relate to USHEALTH Advisors, LLC ("USHA"), and *none* of them relate to any directed activity by USHG that could be considered purposeful availment of the benefits and protections of this forum. Response at 3-10. Plaintiffs continuously blur the lines between three distinct parties: (1) insurance agents allegedly contracted with USHA; (2) USHA; and (3) USHG. In fact, Plaintiffs inexplicably cite to LinkedIn pages for these insurance agents showing that they all purport to be working with USHA, *not* USHG, as "evidence" that these individuals were agents of USHG. Response at 5-7. At best, Plaintiffs allege that the licensed insurance agents are agents of USHA, but they fail to make any similar, plausible allegations, let alone an evidentiary showing, for USHG. That is because USHG is just a holding company and has no contractual relationship or right to control the activities of any of the individuals alleged in the FAC to have made telephone calls or sent text messages to Plaintiffs, (Ex. A to Motion at ¶¶ 15-17), and the alleged conduct of these third parties of a third party does not bring USHG within the jurisdiction of this Court.

## II. PLAINTIFFS APPLY THE WRONG 12(b)(2) STANDARD

Plaintiffs' Response applies the wrong standard for jurisdictional motions because it fails to acknowledge that, "[w]hile the Court can accept Plaintiff[s']

allegations regarding jurisdiction as true for purposes of the Motion to Dismiss, once the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, *by a preponderance of the evidence, facts* sufficient to establish personal jurisdiction," *Carteret Sav. Bank, FA v. Shushan,* 954 F.2d 141, 147 (3d Cir.1992) (internal citation omitted) (emphasis added). *See also In re Chocolate Confectionary Antitrust Litigation, 674 F.Supp.2d 580, 595 (M.D.Pa.2009)* ("Once these allegations are contradicted by an opposing affidavit, however, plaintiff must present similar evidence in support of personal jurisdiction."). Plaintiffs aver that, if they have plausibly alleged an agency relationship between the actual callers (independent insurance agents) and USHA – they have not – then the jurisdictional contacts of those insurance agents can *simply* be *imputed* to USHG as USHA's parent corporation. So, according to Plaintiffs, USHG should be hailed into court in Pennsylvania for the alleged conduct of, at best, a third party of a third party; and conclusory agency allegations that may satisfy the 12(b)(6) standard are also sufficient to establish personal jurisdiction, and "render the content of the Kober Declaration irrelevant." Response at 20-22.

Plaintiffs are wrong for two reasons. First, where a defendant disputes agency (as well as other jurisdictional facts), like USHG does here through the Kober Declaration, the plaintiff "must make a prima facie showing of an agency

relationship between [USHG and the independent insurance agents] ***through the introduction of its own 'affidavits or other competent evidence.'"*** *Rantnetwork, Inc. v. Underwood*, No. 4:11-CV-1283, 2012 WL 1021326, at *5 (M.D. Pa. Mar. 26, 2012) (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir.2009) and *Pinker v. Roche Holdings Ltd.* ., 292 F.3d 361, 368 (3d Cir.2002) (placing an equivalent burden of production on a plaintiff when the defendant has raised a jurisdictional defense)). Plaintiffs have not even attempted to introduce evidence that the independent insurance agents are the legal agents of USHG, an inadequately alleged theory that is completely disproven by the Kober Declaration. *See* Ex. A to Motion at ¶¶ 3, 8-17. Instead, Plaintiffs highlight hearsay statements that almost all have nothing to do with USHG, and do not relate to the calls in this case. *See, e.g.*, Response at 8-10. Plaintiffs do not allege any conduct by USHG that is directed at Pennsylvania at all. Plaintiffs point to internet complaints about USHA, and LinkedIn pages for insurance agents allegedly contracted with USHA. *See* FAC at 5-8. Once again, the reader is still left asking the question: "what does any of this have to do with USHG?" The answer is nothing.

Second, Plaintiffs allege USHG has the necessary jurisdictional contacts with this forum "by way of the acts of USHA" for no other reason than because USHG is USHA's parent company. FAC ¶ 24. Without any authority, Plaintiffs Response states that because "Plaintiff Ford's allegations are analogous to those in

*Abramson*,"[1] a case that did not analyze the imputation of jurisdictional contacts from a subsidiary to a parent, USHG's "argument based on the 'presumption of separateness'" between a parent and subsidiary are inapposite. Response at 24. Plaintiffs' position flies in the face of long standing Supreme Court precedent, *see Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925), which has been cited to favorably by courts in this District. *See, e.g.*, *Clark v. Matsushita Elec. Indus. Co.*, 811 F. Supp. 1061, 1067 (M.D. Pa. 1993) ("[S]ubsidiaries, even if wholly-owned, are presumed separate and distinct entities from their parent corporations.).

*Abraamson* is also inapt to compare to this case because the defendant in *Abramson* admitted to contracting with each of the third parties alleged to have made the calls at issue, *see Abramson v. Agentra, LLC*, No. CV 18-615, ECF 22-1 (attached as Ex. A), and although the court recognized that "a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper", 2018 WL 6617819, at *4 (citing *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)), the court in *Abramson* did not enforce this burden and only considered the plaintiff's allegations, a clear error. Here, USHG has expressly disclaimed any contractual relationship or right to control the activities

[1] *Abramson v. Agentra, LLC*, No. CV 18-615, 2018 WL 6617819, at *3 (W.D. Pa. Dec. 18, 2018).

of any of the individuals alleged in the FAC to have made telephone calls or sent text messages to Plaintiffs. Ex. A to Motion at ¶¶ 15-17. If this Court were to ignore this evidence proffered by USHG and only consider the allegations in the FAC, as Plaintiffs urge the Court to do, then the Court would not be applying the standards set forth by the Third Circuit. *See, e.g*, *Metcalfe*, 566 F.3d at 330.

Strangely, despite each of the cases cited above coming from the Supreme Court or within the Third Circuit, Plaintiffs contend that the standard set forth above "is not the standard in this Court." Response at 5. Plaintiffs also accuse USHG of failing to "cite a single case from the Third Circuit" to support its position "on this issue." *Id*. This is simply false, as USHG cited a number of supporting cases from within the Third Circuit, including some of the cases cited above. *See* Motion at 8-18.

The standard that Plaintiffs attempt to apply, from *Kline* and *Hartley-Cup*, are from 12(b)(6) decisions and do not apply to the jurisdictional questions before this Court. Plaintiffs know this, and gloss over the most factually on-point case, *Cardenas v. Spinnaker Resorts, Inc.*, No. CV 16-2466 (JLL), 2017 WL 3315285, at *4 (D.N.J. Aug. 3, 2017), in a footnote. Response at 22, n. 11. In *Cardenas*, the district court in New Jersey granted a motion to dismiss TCPA claims for lack of personal jurisdiction where the defendant submitted a declaration establishing that it was an out-of-state corporation with no employees in the forum; it did not

conduct telemarketing activities or make telephone calls to solicit sales from potential customers; all telemarketing activities directed to potential customers were conducted by subsidiary companies or independent contractors they hired; it was not registered to do business in the forum state; and it did not solicit business there. The facts are almost identical here, except that the subsidiary at issue here, USHA, does not even conduct telemarketing.

Plaintiffs attempt to distinguish *Cardenas* by noting that the court there dismissed the claims only after jurisdictional discovery. Response at 22, n. 11. But Plaintiffs fail to inform the Court that jurisdictional discovery was only allowed in *Cardenas* because the plaintiff there created an issue of material fact regarding the existence of agency by submitting a declaration stating that "[o]n each call that I answered, the telemarketer identified themselves as calling from 'Spinnaker Resorts.'" *Cardenas v. Spinnaker Resorts, Inc.*, No. CV162466JLLJAD, 2016 WL 4154921, at *4-5 (D.N.J. Aug. 3, 2016). In contrast, Plaintiffs here have provided *no evidence* to support any entitlement to jurisdictional discovery. Further, the FAC makes clear that none of the alleged callers identified themselves as calling or texting from USHG, *see* FAC at ¶¶ 6-7, 96-97, 1002-109,130-144, which explains why Plaintiffs could not proffer any evidence to support their position. Thus, Plaintiffs are not entitled to jurisdictional

discovery, and the claims against USHG should be dismissed for lack of personal jurisdiction.

## III. PERSHWITZ' CLAIMS HAVE NO CONNECTION TO THIS FORUM

Pershwitz makes one allegation that is determinative of personal jurisdiction as it relates to his claims: "Pershwitz is a citizen of Texas." FAC at ¶ 11. USHG's Motion lays out clearly why Pershwitz's failure to show a connection between his claims and USHG's alleged contacts with Pennsylvania precludes the court from exercising personal jurisdiction over USHG as it relates to Pershwitz's claims. Motion at 16-17. Plaintiffs' Response addresses this point with one sentence on the last page of the brief, stating that if *Bristol-Myers Squibb* does not apply to class actions, then personal jurisdiction exists over Pershwitz's claims despite their lack of any connection to Pennsylvania. Plaintiffs are wrong, ignore the other authority cited in the Motion, and advocate for a position that contradicts bedrock principles of personal jurisdiction set forth by the Supreme Court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 (1984). As Pershwitz does not allege that the phone calls or texts in question were either received in or placed from the forum state, this forum is not the appropriate forum to hear his

claims.[2] *See also Michaels v. Micamp Merch. Servs.*, No. CIV.A. 13-191E, 2013 WL 5970340, at *4 (W.D. Pa. Nov. 8, 2013); *Hicks v. Health Ins. Innovations, Inc.*, No. CV173344SDWLDW, 2017 WL 6764054, at *4 (D.N.J. Dec. 20, 2017), *report and recommendation adopted*, No. CV173344SDWLDW, 2018 WL 325308 (D.N.J. Jan. 8, 2018) (dismissing TCPA claim where plaintiff failed to allege that the phone calls in question were either received in or placed from the forum state); *Cardenas*, 2017 WL 3315285, at *4 (citing *Remick*, 238 F.3d at 255); *Spratley v. FCA US LLC*, No. 317CV0062MADDEP, 2017 WL 4023348, *7 (N.D.N.Y. Sept. 12, 2017). With or without *Bristol-Myers Squibb*, Pershwitz's claims must be dismissed for lack of personal jurisdiction.

## IV. THE FAC FAILS TO STATE A CLAIM AGAINST USHG

### a. Plaintiffs Do Not Allege That USHG Called Them

Plaintiffs point to only four paragraphs in the FAC to support their contention that they alleged USHG was the initiator, or maker, of the communications at issue. Response at 14 (citing to FAC ¶¶ 152-155). However, these allegations only pertain to putative class members, and do not relate to the calls to Plaintiffs at all. Instead, the FAC makes clear that it was not USHG that placed the calls and texts to Plaintiffs, but that "UHA Agents," the independently

[2] Plaintiffs make no argument in their Response that USHG could possibly be subject to general personal jurisdiction in Pennsylvania.

licensed insurance agents of USHG's subsidiary, were the alleged makers of the calls and texts. FAC at ¶¶ 6-7. Plaintiffs contend that "nothing further is required" to plead a case for "direct liability" under the TCPA, but that is simply not true. Plaintiffs need to plead factual content that allows the Court to draw the reasonable inference that USHG called or texted Plaintiffs, not unnamed class members, something Plaintiffs have failed to do. Indeed, the allegations in the Complaint admit that USHG *did not* make any telephone calls or send any text messages.

**b. Plaintiffs Do Not Allege Direct Liability Under The TCPA**

Plaintiffs contend that USHG can be directly liable even though it did not initiate the communications at issue. The FCC, however, has held otherwise:

> We conclude that a person or entity "initiates" a telephone call when it takes the steps necessary to physically place a telephone call, and generally does not include persons or entities, such as third-party retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call . . . . Our rules thus draw a clear distinction between a call that is made by a seller and a call that is made by a telemarketer on the seller's behalf . . . . a construction of the statute that concludes that a seller always initiates a call that is made by a third party on its behalf would entirely collapse the distinction, reflected in our current rules, between seller and telemarketer.

*In re DISH Network LLC,* 28 F.C.C. Rcd. 6574, 6583 (2013).

The Third Circuit has not had occasion to apply this portion of the FCC Ruling, but Circuit Courts that have analyzed the FCC Ruling have agreed with this basic premise: a party that does not actually make or "initiate" the calls "may

only 'be held vicariously liable under federal common law principles of agency for violations . . . that are committed by third-party telemarketers.'" *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1255 (11th Cir. 2015) (quoting *DISH Network*, 28 FCC Rcd. at 6574). *See also Lucas v. Telemarketer Calling from (407) 476-5680*, No. 18-3633, 2019 WL 3021233, at *5 (6th Cir. May 29, 2019) (affirming dismissal of claims for direct liability against defendant because defendant was not the "true caller", i.e., the party that initiated the calls); *Thomas v. Taco Bell Corp.*, No. 12–56458, 2014 WL 2959160, at *1 (9th Cir. July 2, 2014) (finding that direct liability for TCPA violation was inapplicable to seller when actual sender of unlawful text message solicitation was a third party); *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 874 (9th Cir. 2014), *aff'd*, 136 S. Ct. 663 (2016) (finding that where the party concedes that a third party transmitted the disputed messages, the sole basis for a claim against the non-transmitting party is through vicarious liability).

District courts in the Third Circuit have also followed suit, giving the FCC's ruling the substantial deference that it merits. *See, e.g., Dobkin v. Enter. Fin. Grp., Inc.*, No. 2:14-CV-01989 WHW, 2014 WL 4354070, at *3 (D.N.J. Sept. 3, 2014) ("Because Plaintiff's complaint alleges only that Precise, and not EFG, placed unlawful phone calls, it follows that Plaintiff has not adequately alleged that EFG is directly liable for any unlawful calls."). Further, where a "complaint alleges that

'Defendants' made the telemarketing calls without differentiating the Defendants by name," as Plaintiffs have attempted to do here, "the Court does not interpret these allegations as asserting that [USHG] physically placed the calls because the complaint elsewhere indicates that [third parties] placed the calls." *Id.*, n. 3. *See* FAC ¶¶ 6-7. Applying Plaintiffs incorrect standard "would entirely collapse the distinction" between the actual maker of the call, who is subject to direct liability, and other parties who allegedly benefit from but do not make the call, who are only subject to vicarious liability. *DISH Network*, 28 F.C.C. Rcd. at 6583.

Plaintiffs improperly rely upon *Hartley-Culp v. Green Tree Servicing, LLC*, 52 F. Supp. 3d 700, 703 (M.D. Pa. 2014) and its line of cases in support of their position. The problem with the *Hartley-Culp* cases is that they apply a separate and narrow 2007 ruling from the FCC that only applied in the context of debt collection: "[c]alls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call" *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 565 (2008). The *Hartley-Culp* ruling also clearly applied to creditors and debt collectors: "[t]he FCC clearly ruled that the *creditor* is placed "in the shoes" of the caller for purposes of liability under the TCPA's autodialing provisions." *Hartley-Culp*, 52 F. Supp. 3d at 703. Plaintiffs manipulate the quotation in an attempt to broaden this narrow rule, but the 2013 FCC Ruling clearly mandates a different result here. USHG

cannot be directly liable for the alleged TCPA violations because, according to the FAC, USHG did not make the calls or send the texts at issue.

### c. **<u>Plaintiffs Do not Plausibly Allege Vicarious Liability Under the TCPA</u>**

To satisfy the pleading requirements, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. This is the controlling standard on a motion to dismiss. Thus, in order to state a claim for relief against USHG for vicarious liability under the TCPA that is plausible on its face, Plaintiffs must plead factual content that allows the Court to draw a reasonable inference that the callers were legal agents of USHG. Nonetheless, Plaintiffs urge the Court that "plead[ing] an agency relationship . . . . is not required." Response at 18. Plaintiffs ask the Court to draw a reasonable inference of an agency relationship – a necessary element of vicarious liability under the TCPA – without any well pleaded facts to draw such an inference from. In case there was any doubt, the Court may not do so.

> In determining that vicarious liability *could* be applied to claims for relief under the TCPA, the FCC noted that "[t]he classical definition of 'agency' contemplates 'the fiduciary relationship that arises when one person (a "principal") manifests assent to another person (an "agent") that the agent shall act on the principal's behalf and subject to

> the principal's control," and extends to situations where a "third party has apparent (if not actual) authority" to act as a principal's agent. *DISH Network*, 28 FCC Rcd. at 6586. Finally, ratification occurs when an agent acts for the principal's benefit and the principal does not repudiate the agent's actions. *Sphere Drake Ins. v. Am. Gen. Life Ins.*, 376 F.3d 664, 677 (7th Cir. 2004).

*Lucas*, 2019 WL 3021233, at *6 (6th Cir. May 29, 2019).

In *Lucas*, the Sixth Circuit held that, based on the clear standards for vicarious liability set forth by the FCC, claims will not survive a 12(b)(6) motion where a complaint "failed to allege facts indicating formal agency, apparent authority, or ratification." *Id.* (internal quotations omitted). Though Plaintiffs earnestly point out the Motion's perceived lack of "controlling" case law on the issue, Plaintiffs also fail to provide any binding precedent from the Third Circuit, and fail to inform the Court of courts within the Third Circuit that properly applied the plausibility standard to vicarious liability claims under the TCPA. *See, e.g.*, *Cunningham v. Capital Advance Sols.*, LLC, No. CV 17-13050 (FLW), 2018 WL 6061405, at *7 (D.N.J. Nov. 20, 2018); *Dobkin*, 2014 WL 4354070, at *5 (D.N.J. Sept. 3, 2014). The persuasive guidance from the Sixth Circuit in *Lucas*, and Second Circuit in *Simmons*, *see* Motion at 25, should guide this Court to require Plaintiffs to "plead[] factual content that allows the Court to draw the reasonable inference that [USHG]" had an agency relationship with the actual initiators of the communications at issue, and thus could plausibly be "liable for the misconduct alleged." *Twombly*, 550 U.S. at 570. To do so, Plaintiffs "must allege facts

supporting *each* of the elements of the agency theory supporting vicarious liability." Motion at 26. Pleading agency with particularity is extremely important in cases like this where Plaintiffs are attempting to hold USHG liable for the purported agents of USHG's subsidiary, not USHG itself. *See Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 776 (N.D. Ill. 2014). The FAC does not explain how USHG is "vicariously" or even "directly" liable for the actions of third parties allegedly associated with USHG's legally recognized subsidiary. It follows that, as Plaintiffs have alleged no facts against USHG that support *each* of the elements of any agency theory supporting vicarious liability, the claims against USHG must be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in USHG's Brief in Support of its Motion to Dismiss, USHG requests that this Court dismiss Plaintiffs' First Amended Complaint with prejudice, and award such further relief as this Court deems just and proper.

Dated: November 25, 2019

Respectfully submitted,

**GREENSPOON MARDER LLP**

BY: *<u>/s/ Gregg I. Strock</u>*
JEFFREY A. BACKMAN (*pro have vice)*
Florida Bar No. 662501
GREGG I. STROCK (*pro hac vice*)
Florida Bar No. 1010140
200 E. Broward Blvd., Suite 1800

Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
khia.joseph@gmlaw.com
gregg.strock@gmlaw.com
marie.kusek@gmlaw.com

*AND*

**POST & SCHELL, P.C.**
BRYAN M. SHAY, ESQ.
I.D. # 205953
1600 JFK Blvd., 13th Floor
Philadelphia, PA 19103
(215) 587-1182
bshay@postschell.com

*Attorneys for USHEALTH Group, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have filed the foregoing document with the Clerk of Court via CM/ECF on November 25, 2019. I further certify that any party that enters an appearance in this matter will receive a copy of this document via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notice of Electronic Filing.

BY: */s/ Gregg I. Strock*
Gregg I. Strock