**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA (SCRANTON)**

**CASE NO.: 3:19-cv-01091-ARC**

JOSEPH FORD, JR., AND EDWARD PERSHWITZ, individually and on behalf of all other similarly situated,

Plaintiff,

v.

USHEALTH GROUP, INC., AND USHEALTH Advisors, LLC,

Defendants.
_______________________________________/

**CLASS ACTION**

**DEFENDANT USHEALTH ADVISORS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant, USHEALTH Advisors, LLC ("USHA"), a Texas limited liability company, files its Answer and Affirmative Defenses in response to the First Amended Class Action Complaint ("Complaint") of Plaintiffs Joseph Ford, Jr. and Edward Pershwitz ("Plaintiffs"), individually and on behalf of others similarly situated.

**ANSWER**

1. USHA denies the truth of the allegations contained in Paragraph 1 of the Complaint.

2. USHA admits that it is a wholly-owned subsidiary of USHEALTH

Group, Inc., and denies the truth of the remaining allegations contained in Paragraph 2 of the Complaint.

3. USHA denies the truth of the allegations contained in Paragraph 3 of the Complaint.

4. USHA denies the truth of the allegations contained in Paragraph 4 of the Complaint.

5. USHA denies the truth of the allegations contained in Paragraph 5 of the Complaint.

6. USHA denies the truth of the allegations contained in Paragraph 6 of the Complaint.

7. USHA denies the truth of the allegations contained in Paragraph 7 of the Complaint.

8. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. USHA denies the truth of the allegations contained in Paragraph 9 of the Complaint, and denies that Plaintiffs are entitled to the relief sought in Paragraph 9 of the Complaint.

## PARTIES

10. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. USHA admits that USHEALTH Group, Inc. is a corporation organized under the laws of Delaware that maintains its principal place of business at 300 Burnett Street, Suite 200, Fort Worth, Texas 76102, and denies the truth of the remaining allegations Paragraph 12 of the Complaint.

13. USHA admits that it is a Texas limited liability company that is wholly-owned by USHEALTH Group, Inc., and is headquartered at 300 Burnett Street, Suite 200, Fort Worth, Texas 76102. USHA denies the truth of the remaining allegations in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint contains no allegations that require a response, and further constitutes an impermissible lumping of Defendants such that the pleading requirements of Fed. R. Civ. P. 8(a) are not met. To the extent that a response is required, USHA denies the truth of the allegations contained in Paragraph 14 of the Complaint.

## JURISDICTION AND VENUE

15. USHA admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and denies that the remaining allegations in Paragraph 15 of the Complaint.

16. USHA denies the truth of the allegations contained in Paragraph 16 of

the Complaint.

17. USHA denies the truth of the allegations contained in Paragraph 17 of the Complaint.

18. USHA denies the truth of the allegations contained in Paragraph 18 of the Complaint.

19. USHA denies the truth of the allegations contained in Paragraph 19 of the Complaint.

20. USHA denies the truth of the allegations contained in Paragraph 20 of the Complaint.

21. USHA denies the truth of the allegations contained in Paragraph 21 of the Complaint.

22. USHA denies the truth of the allegations contained in Paragraph 22 of the Complaint.

23. USHA denies the truth of the allegations contained in Paragraph 23 of the Complaint.

24. USHA admits that USHEALTH Group, Inc. is the parent company of USHA, and denies the truth of the remaining allegations contained in Paragraph 24 of the Complaint.

25. USHA denies the truth of the allegations contained in Paragraph 25 of the Complaint.

## COMMON ALLEGATIONS

26. Paragraph 26 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint states a legal conclusion to which a

response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 38 of the Complaint.

39. USHA denies the truth of the allegations contained in Paragraph 39 of the Complaint.

40. USHA denies the truth of the allegations contained in Paragraph 40 of the Complaint.

41. USHA denies the truth of the allegations contained in Paragraph 41 of the Complaint.

42. USHA denies the truth of the allegations contained in Paragraph 42 of the Complaint.

43. USHA denies the truth of the allegations contained in Paragraph 43 of the Complaint.

44. USHA denies the truth of the allegations contained in Paragraph 44, and all of its subparts, of the Complaint.

45. USHA denies the truth of the allegations contained in Paragraph 45 of the Complaint.

46. USHA denies the truth of the allegations contained in Paragraph 46 of the Complaint.

47. USHA denies the truth of the allegations contained in Paragraph 47 of the Complaint.

48. USHA denies the truth of the allegations contained in Paragraph 48 of the Complaint.

49. USHA admits the allegations contained in Paragraph 49 of the Complaint.

50. USHA denies the truth of the allegations contained in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 51 of the Complaint.

52. USHA admits that it contracts with independent contractors, and denies the truth of the remaining allegations contained in Paragraph 52 of the Complaint.

53. USHA denies the truth of the allegations contained in Paragraph 53 of the Complaint.

54. USHA denies the truth of the allegations contained in Paragraph 54 of the Complaint.

55. USHA denies the truth of the allegations contained in Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 56 of the Complaint.

57. USHA denies the truth of the allegations contained in Paragraph 57 of

the Complaint.

58. USHA denies the truth of the allegations contained in Paragraph 58 of the Complaint, and all of its subparts.

59. USHA denies the truth of the allegations contained in Paragraph 59 of the Complaint.

60. USHA denies the truth of the allegations contained in Paragraph 60 of the Complaint.

61. USHA denies the truth of the allegations contained in Paragraph 61, and all of its subparts, of the Complaint.

62. USHA denies the truth of the allegations contained in Paragraph 62, and all of its subparts, of the Complaint.

63. USHA denies the truth of the allegations contained in Paragraph 63 of the Complaint.

64. USHA denies the truth of the allegations contained in Paragraph 64 of the Complaint.

65. USHA denies the truth of the allegations contained in Paragraph 65 of the Complaint.

66. USHA denies the truth of the allegations contained in Paragraph 66 of the Complaint.

67. USHA denies the truth of the allegations contained in Paragraph 67,

and all pf its subparts, of the Complaint.

68. USHA denies the truth of the allegations contained in Paragraph 68 of the Complaint.

69. USHA denies the truth of the allegations contained in Paragraph 69 of the Complaint.

70. USHA denies the truth of the allegations contained in Paragraph 70 of the Complaint.

71. USHA denies the truth of the allegations contained in Paragraph 71 of the Complaint.

72. USHA denies the truth of the allegations contained in Paragraph 72 of the Complaint.

73. USHA denies the truth of the allegations contained in Paragraph 73 of the Complaint.

74. USHA denies the truth of the allegations contained in Paragraph 74 of the Complaint.

75. USHA denies the truth of the allegations contained in Paragraph 75 of the Complaint.

76. USHA denies the truth of the allegations contained in Paragraph 76, and all of its subparts, of the Complaint.

77. USHA denies knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 77 of the Complaint.

78. USHA denies the truth of the allegations contained in Paragraph 78 of the Complaint.

79. USHA denies the truth of the allegations contained in Paragraph 79 of the Complaint.

80. USHA denies the truth of the allegations contained in Paragraph 80, and all of its subparts.

81. USHA denies the truth of the allegations contained in Paragraph 81, and all of its subparts, of the Complaint.

82. USHA denies the truth of the allegations contained in Paragraph 82 of the Complaint.

83. USHA denies the truth of the allegations contained in Paragraph 83 of the Complaint.

84. USHA denies the truth of the allegations contained in Paragraph 84, and all of its subparts, of the Complaint.

85. USHA denies the truth of the allegations contained in Paragraph 85 of the Complaint.

86. USHA denies the truth of the allegations contained in Paragraph 86 of the Complaint.

87. USHA denies the truth of the allegations contained in Paragraph 87,

and all of its subparts, of the Complaint.

88. USHA denies the truth of the allegations contained in Paragraph 88 of the Complaint.

89. USHA denies the truth of the allegations contained in Paragraph 89, and all of its subparts, of the Complaint.

90. USHA denies the truth of the allegations contained in Paragraph 90 of the Complaint.

91. USHA denies the truth of the allegations contained in Paragraph 91 of the Complaint.

92. USHA denies the truth of the allegations contained in Paragraph 92 of the Complaint.

93. USHA denies the truth of the allegations contained in Paragraph 93, and all of its subparts, of the Complaint.

## PLAINTIFF FORD'S ALLEGATIONS

94. USHA denies the truth of the allegations contained in Paragraph 94 of the Complaint.

95. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint.

96. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

97. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint.

98. USHA denies the truth of the allegations contained in Paragraph 98 of the Complaint.

99. USHA denies the truth of the allegations contained in Paragraph 99 of the Complaint.

100. USHA denies the truth of the allegations contained in Paragraph 100 of the Complaint.

101. USHA denies the truth of the allegations contained in Paragraph 101 of the Complaint.

102. USHA denies the truth of the allegations contained in Paragraph 102 of the Complaint.

103. USHA denies the truth of the allegations contained in Paragraph 103 of the Complaint.

104. USHA denies the truth of the allegations contained in Paragraph 104 of the Complaint.

105. USHA denies the truth of the allegations contained in Paragraph 105 of the Complaint.

106. USHA denies the truth of the allegations contained in Paragraph 106 of the Complaint.

107. USHA denies the truth of the allegations contained in Paragraph 107 of the Complaint.

108. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint.

109. USHA denies the truth of the allegations contained in Paragraph 109 of the Complaint.

110. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint.

111. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint.

112. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint.

113. USHA denies the truth of the allegations contained in Paragraph 113 of the Complaint.

114. USHA denies the truth of the allegations contained in Paragraph 114 of the Complaint.

115. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint.

116. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint.

117. USHA denies the truth of the allegations contained in Paragraph 117 of the Complaint.

118. USHA denies the truth of the allegations contained in Paragraph 118 of the Complaint.

119. USHA denies the truth of the allegations contained in Paragraph 119 of the Complaint.

120. USHA denies the truth of the allegations contained in Paragraph 120 of the Complaint.

121. USHA denies the truth of the allegations contained in Paragraph 121 of the Complaint.

122. USHA admits that Plaintiffs bring this action under the TCPA, but deny that Plaintiffs are entitled to the relief requested in Paragraph 122 of the Complaint.

**PLAINTIFF PERSHWITZ'S ALLEGATIONS**

123. USHA denies the truth of the allegations contained in Paragraph 123 of the Complaint.

124. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Complaint.

125. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint.

126. USHA denies the truth of the allegations contained in Paragraph 126 of the Complaint.

127. USHA denies the truth of the allegations contained in Paragraph 127 of the Complaint.

128. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint.

129. USHA denies the truth of the allegations contained in Paragraph 129 of the Complaint.

130. USHA denies the truth of the allegations contained in Paragraph 130 of the Complaint.

131. USHA denies the truth of the allegations contained in Paragraph 131 of the Complaint.

132. USHA denies the truth of the allegations contained in Paragraph 132 of the Complaint.

133. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint.

134. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint.

135. USHA denies the truth of the allegations contained in Paragraph 135 of the Complaint.

136. USHA denies the truth of the allegations contained in Paragraph 136 of the Complaint.

137. USHA denies the truth of the allegations contained in Paragraph 137 of the Complaint.

138. USHA denies the truth of the allegations contained in Paragraph 138 of the Complaint.

139. USHA denies the truth of the allegations contained in Paragraph 139 of the Complaint.

140. USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Complaint.

141. USHA denies the truth of the allegations contained in Paragraph 141 of the Complaint.

142. USHA denies the truth of the allegations contained in Paragraph 142 of the Complaint.

143. USHA denies the truth of the allegations contained in Paragraph 143 of the Complaint.

144. USHA denies the truth of the allegations contained in Paragraph 144 of the Complaint.

145. USHA denies the truth of the allegations contained in Paragraph 145 of the Complaint.

146. USHA denies the truth of the allegations contained in Paragraph 146 of the Complaint.

147. USHA denies the truth of the allegations contained in Paragraph 147 of the Complaint.

148. USHA denies the truth of the allegations contained in Paragraph 148 of the Complaint.

149. USHA denies the truth of the allegations contained in Paragraph 149 of the Complaint.

150. USHA admits that Plaintiffs bring this action under the TCPA, but deny that Plaintiffs are entitled to the relief requested in Paragraph 150 of the Complaint.

## PLAINTIFFS' LEGAL BASIS FOR CLAIMS

151. Paragraph 151 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 151 of the Complaint.

152. USHA denies the truth of the allegations contained in Paragraph 152 of the Complaint.

153. USHA denies the truth of the allegations contained in Paragraph 153 of the Complaint.

154. USHA denies the truth of the allegations contained in Paragraph 154

of the Complaint.

155. USHA denies the truth of the allegations contained in Paragraph 155 of the Complaint.

156. Paragraph 156 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 156 of the Complaint.

157. USHA denies that Plaintiffs and the putative class members are entitled to the relief requested in Paragraph 157 of the Complaint.

## CLASS ALLEGATIONS

158. USHA denies the truth of the allegations contained in Paragraph 158, and all of its subparts, of the Complaint.

159. USHA denies the truth of the allegations contained in Paragraph 159, and all of its subparts, of the Complaint.

160. Paragraph 160 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 160 of the Complaint.

161. Paragraph 161 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 161, and all of its subparts, of the Complaint.

162. Paragraph 162 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 162 of the Complaint.

163. Paragraph 163 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 163 of the Complaint.

164. Paragraph 164 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 164 of the Complaint.

165. Paragraph 165 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 165 of the Complaint.

166. Paragraph 166 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 166 of the Complaint.

167. Paragraph 167 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 167 of the Complaint.

168. Paragraph 168 of the Complaint makes no allegations that require a response. To the extent a response is required, USHA denies the truth of the

allegations contained in Paragraph 168 of the Complaint.

## FIRST CAUSE OF ACTION

169. USHA repeats and realleges the superseding paragraphs of this Answer and incorporates them by reference herein.

170. USHA denies the truth of the allegations contained in Paragraph 170 of the Complaint.

171. USHA denies the truth of the allegations contained in Paragraph 171 of the Complaint.

172. USHA denies the truth of the allegations contained in Paragraph 172 of the Complaint, and denies that Plaintiffs and the putative class member are entitled to the relief requested therein.

173. USHA denies the truth of the allegations contained in Paragraph 173 of the Complaint, and denies that Plaintiffs and the putative class members are entitled to the relief requested therein.

## SECOND CAUSE OF ACTION

174. USHA repeats and realleges the superseding paragraphs of this Answer and incorporates them by reference herein.

175. USHA denies the truth of the allegations contained in Paragraph 175 of the Complaint.

176. USHA denies the truth of the allegations contained in Paragraph 176

of the Complaint.

177. USHA denies the truth of the allegations contained in Paragraph 177 of the Complaint.

178. USHA denies the truth of the allegations contained in Paragraph 178 of the Complaint, and denies that Plaintiffs and the putative class members are entitled to the relief requested therein.

179. USHA denies the truth of the allegations contained in Paragraph 179 of the Complaint, and denies that Plaintiffs and the putative class members are entitled to the relief requested therein.

## THIRD CAUSE OF ACTION

180. USHA repeats and realleges the superseding paragraphs of this Answer and incorporates them by reference herein.

181. USHA denies the truth of the allegations contained in Paragraph 181 of the Complaint.

182. USHA denies the truth of the allegations contained in Paragraph 182 of the Complaint.

183. USHA denies the truth of the allegations contained in Paragraph 183 of the Complaint, and denies that Plaintiffs and the putative class members are entitled to the relief requested therein.

184. USHA denies the truth of the allegations contained in Paragraph 184

of the Complaint, and denies that Plaintiffs and the putative class members are entitled to the relief requested therein.

**FOURTH CAUSE OF ACTION**

185. USHA repeats and realleges the superseding paragraphs of this Answer and incorporates them by reference herein.

186. Paragraph 186 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 186 of the Complaint.

187. Paragraph 187 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 187 of the Complaint.

188. Paragraph 188 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 188 of the Complaint.

189. Paragraph 189 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 189 of the Complaint.

190. USHA denies the truth of the allegations contained in Paragraph 190 of the Complaint.

191. USHA denies the truth of the allegations contained in Paragraph 191

of the Complaint, and denies that Plaintiffs and the putative class members are entitled to the relief requested therein.

192. USHA denies the truth of the allegations contained in Paragraph 192 of the Complaint, and denies that Plaintiffs and the putative class members are entitled to the relief requested therein.

**FIFTH CAUSE OF ACTION**

193. USHA repeats and realleges the superseding paragraphs of this Answer and incorporates them by reference herein.

194. Paragraph 194 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 194 of the Complaint.

195. Paragraph 195 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 195 of the Complaint.

196. Paragraph 196 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 196 of the Complaint.

197. Paragraph 197 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 197 of the Complaint.

198. USHA denies the truth of the allegations contained in Paragraph 198 of the Complaint.

199. USHA denies the truth of the allegations contained in Paragraph 199 of the Complaint, and denies that Plaintiffs and the putative class members are entitled to the relief requested therein.

200. USHA denies the truth of the allegations contained in Paragraph 200 of the Complaint, and denies that Plaintiffs and the putative class members are entitled to the relief requested therein.

## SIXTH CAUSE OF ACTION

201. USHA repeats and realleges the superseding paragraphs of this Answer and incorporates them by reference herein.

202. Paragraph 202 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 202 of the Complaint.

203. Paragraph 203 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 203 of the Complaint.

204. Paragraph 204 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 204 of the Complaint.

205. Paragraph 205 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 205 of the Complaint.

206. USHA denies the truth of the allegations contained in Paragraph 206 of the Complaint.

207. Paragraph 207 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 207 of the Complaint.

208. USHA denies the truth of the allegations contained in Paragraph 208 of the Complaint, and denies that Plaintiffs and the putative class members are entitled to the relief requested therein.

**SEVENTH CAUSE OF ACTION**

209. USHA repeats and realleges the superseding paragraphs of this Answer and incorporates them by reference herein.

210. Paragraph 210 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the truth of the allegations contained in Paragraph 210 of the Complaint.

211. USHA denies the truth of the allegations contained in Paragraph 211 of the Complaint.

212. USHA denies the truth of the allegations contained in Paragraph 212

of the Complaint.

213. USHA denies the truth of the allegations contained in Paragraph 213 of the Complaint, and denies that Plaintiffs and the putative class members are entitled to the relief requested therein.

214. USHA denies each and every allegation in the Complaint not specifically admitted herein and denies that Plaintiffs and the putative class members are entitled to the relief requested in the Complaint, including the WHEREFORE clause and all of its subparts "a)" through "k)"

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fails to state a plausible claim upon which relief can be granted under any theory of action because the factual allegations are incomplete and/or do not state a claim for relief under the TCPA against USHA. Plaintiffs also fail to state a claim for relief under 47 C.F.R. s 64.1200(d) the TCPA does not permit a person to institute a private action based on a violation of 47 C.F.R. s 64.1200(d).

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs fails to state a plausible basis for class relief pursuant to Federal Rule of Civil Procedure 23, in that, *inter alia*, Plaintiffs cannot identify an ascertainable class and, even if it could, the claims Plaintiffs asserts cannot be common or typical of the claims of the putative class; nor is class relief superior to

other available methods for fairly and efficiently adjudicating the claims Plaintiffs assert warrant class treatment. The elements of Rule 23(a) and (b) cannot be met, and individualized fact issues, including the provision and revocation of consent will predominate over any alleged common issues, will predominate over common issues.

**THIRD AFFIRMATIVE DEFENSE**

Any alleged calls to Plaintiffs and each putative class member were not "unwanted." Plaintiffs' claims are barred by the doctrine of consent, by his and class members' prior express written consent to receive solicitations on their cellular and/or residential telephone numbers, and such consent was never validly revoked.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and claims of putative class members are barred by the doctrines of Estoppel and Unclean Hands. Upon information and belief, Plaintiffs solicited and/or encouraged the alleged calls described in their Complaint, and knowingly consented to the recording of such calls, for the purpose of generating a lawsuit against USHA and alleging claims of a putative class as leverage to exact a settlement for his own personal benefit in an amount vastly exceeding any damages he could ever claim for his individual claims.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' and putative class members' damages, if any, and none being admitted, were not caused by USHA, but by another person or entity, including Plaintiffs and putative class members, for whom USHA is not responsible and over whose activities USHA exercises no control and/or has no right to control.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Plaintiffs did not suffer any concrete harm or actual injury. Plaintiffs and putative class members did not suffer any concrete harm separate and apart from a violation of the TCPA, and Plaintiffs allege bare procedural statutory violations divorced from any actual, concrete injury-in-fact. Plaintiffs and putative class members therefore lack standing.

**SEVENTH AFFIRMATIVE DEFENSE**

USHA complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiffs' claims are barred by USHA's compliance with all applicable State, Federal, and local laws and regulations, including but not limited to the TCPA and C.F.R. § 64.1200(c)(2) and 47 C.F.R. § 64.1200(d).

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because the TCPA violates USHA's First Amendment right to free speech. Specifically, the TCPA is an improper content-based statute because sections 227(b) and (c), and their implementing regulations,

draw distinctions based on the message a speaker conveys by defining regulated speech by its purpose, and are not narrowly tailored to achieve a compelling government interest; nor does the TCPA directly advance a substantial government interest, and it is broader than necessary to serve that interest.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the imposition on USHA of statutory damages and/or exemplary/punitive damages under the TCPA, within the context of a class action, is violative of USHA's constitutional rights under the Due Process provisions of the United Statutes Constitution and the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

## TENTH AFFIRMATIVE DEFENSE

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions. The TCPA's legislative history supports a conclusion that class actions were not intended, but rather that Congress envisioned the statute as providing a private right of action to consumers receiving the specifically prohibited communications, allowing them to pursue the statutory damages of $500 in small claims court without an attorney. In holding that a class action could not proceed under the TCPA, one federal district court determined that the statutory remedy is designed to provide adequate incentive for

an individual plaintiff to bring suit on his own behalf. A class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements. *See Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 404-05 (E.D. Pa. 1995).

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the Doctrine of *In Pari Delicto*.

**TWELFTH AFFIRMATIVE DEFENSE**

USHA states that to the extent it engaged in any conduct which may have violated any provision of the TCPA, such violation was unintentional, accidental, and as a result of a bona fide error which occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error and ensure USHA's compliance with all applicable statutory, regulatory, and common law requirements. Additionally, USHA raises its good faith compliance as a defense to Plaintiffs' claims for treble damages for alleged willing or knowing violations of the TCPA.

**THIRTEENTH AFFIRMATIVE DEFENSE**

USHA states that to the extent any provision of the TCPA was violated as a result of a purported revocation of consent from Plaintiff, Plaintiffs' damages, if any, would be limited to the number of purported calls or recordings which took place after Plaintiffs actually revoked their consent.

**FOURTEENTH AFFIRMATIVE DEFENSE**

USHA asserts that Plaintiffs have not alleged any plausible facts to establish that USHA has acted intentionally, maliciously, willfully, knowingly, recklessly, negligently, or under a false pretense in any of its alleged conduct, and therefore Plaintiffs are barred from recovering treble damages under the TCPA.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and claims of putative class members are barred because their registration on the National Do-Not-Call registry are invalid as a result of holding their cellphone numbers out to the public as business telephone lines, and because their cellular telephones are not residential telephone lines.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs premise liability upon a special relationship between USHA and the actual entities or individuals that allegedly called Plaintiffs – which Plaintiffs have not adequately alleged – Plaintiffs' claims against USHA would be barred because no facts support any theory of vicarious liability against USHA for acts of third parties outside the scope of their actual or apparent authority and Plaintiffs have not conferred any benefit on USHA that could be deemed a ratification of alleged acts of third parties outside the scope of authority.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and claims of putative class members are barred because USHA did not use an automatic telephone dialing system or an artificial or prerecorded voice as defined under the TCPA and no automatic telephone dialing system or an artificial or prerecorded voice was used to contact Plaintiffs or putative class members.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As the FCC is the agency responsible for interpreting the TCPA, the Court should exercise its jurisdiction to stay the case under the primary jurisdiction doctrine pending the FCC's resolution of a dispositive issue currently before the FCC: the definition of an automatic telephone dialing system.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' class claims are barred because this court lacks personal jurisdiction over USHA to maintain a nationwide class action that includes non-resident class members. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017).

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff Pershwitz's claims are barred because he is alleged to be a resident of Texas and does not allege that the calls were made or received in this forum, therefore the court lacks specific personal jurisdiction over USHA as it relates to

the claims of Plaintiff Pershwitz.

**TWENTY-FIRSTAFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because USHA is not subject to general personal jurisdiction or specific personal jurisdiction in this forum.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff Ford's (and possibly Plaintiff Pershwitz's) claims and claims of putative class members are barred by his agreement to arbitrate all of his TCPA claims against USHA. Plaintiffs' Complaint should be dismissed and/or stayed and Plaintiff Ford should be compelled to arbitrate. Such arbitration must be for Plaintiff's individual claims only because Plaintiff Ford waived his right to bring or participate in a class action or class arbitration for their TCPA claims.

WHEREFORE, USHEALTH Advisors, LLC requests that this Court enter judgment against Plaintiffs and in favor of USHA, dismiss this action with prejudice, deny Plaintiffs' request for class certification, award USHA its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

Dated: December 11, 2019 Respectfully submitted,

**GREENSPOON MARDER LLP**

BY: *<u>/s/ Gregg I. Strock</u>*
JEFFREY A. BACKMAN (*pro hac vice)*
Florida Bar No. 662501
GREGG I. STROCK (*pro hac vice*)

Florida Bar No. 1010140
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
khia.joseph@gmlaw.com
gregg.strock@gmlaw.com
marie.kusek@gmlaw.com

*AND*

**POST & SCHELL, P.C.**
BRYAN M. SHAY, ESQ.
I.D. # 205953
1600 JFK Blvd., 13th Floor
Philadelphia, PA 19103
(215) 587-1182
bshay@postschell.com

*Attorneys for USHEALTH Group, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have filed the foregoing document with the Clerk of Court via CM/ECF on December 11, 2019. I further certify that any party that enters an appearance in this matter will receive a copy of this document via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notice of Electronic Filing.

BY: */s/ Gregg I. Strock*
Gregg I. Strock